**CARWILE et al. v. BRYSON et al.**
(No. 6539.)

(Court of Civil Appeals of Texas. Austin.
March 28, 1923. Rehearing Denied
May 2, 1923.)

· Landlord and tenant ☜328(3)—Cotton left in
open yard not stored in "warehouse" within
landlord's lien statute.

· Where a farm tenant had agreed to pay
one-fourth of the cotton raised as rent, but re-
moved all the cotton from the premises and
had it weighed by a public weigher who left
it in an open space on the public school grounds
which was used as a cotton yard, and where
it remained more than 30 days before it was
sold, the landlord's lien, under Vernon's Ann.
Civ. St. Supp. 1918, art. 7827u, was waived, the
cotton yard not being a "warehouse" within
such statute, since a warehouse must be con-
strued to be a house of some character.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Ware-
house.]

Appeal from McLennan County Court;
Giles P. Lester, Judge.

Action by N. P. Bryson and others against
R. C. Carwile and others. Judgment for
plaintiff, and defendants appeal. Affirmed in
part, and in part reversed and rendered.

Bryan & Maxwell, of Waco, for appellants.
Witt, Terrell & Witt, of Waco, for appel-
lees.

Findings of Fact.

JENKINS, J. Appellees owned a farm in
McLennan county, which they rented to R.
C. Carwile for the year 1920 under an agree-
ment for one-fourth of the cotton as rent.
Carwile grew on the premises 28 and a frac-
tion bales of cotton. He owed as rentals
$576.93, but did not pay the same. Carwile
had the cotton ginned, and immediately
hauled it to Axtell, and had it weighed by
a public weigher. It was left in the cotton
yard used by the public weigher. The cotton
yard was an open space on the public school
ground. The public weigher issued certifi-
cates as each bale was weighed, in the follow-
ing form:

"Axtell, 9/14/1920.

"Weighed for R. C. Carwile, of ——, Texas,
one bale of cotton, consigned to ——, of
——, Texas. Charges, ——. Bonded gin
No. 1757; gin bale No. 225; gin weight, 560;
weigher's No. 0; weigher's weight, 556; con-
dition, O. K."

These certificates were dated from some
time in August to some time in October. The

certificates were deposited by Carwile with
appellant First State Bank of Mt. Calm.
About the 14th of December, 1920, the cash-
ier of the bank, at the request of Carwile,
sold the cotton to appellant W. J. Jarvis.
The money was deposited in the bank to
the credit of Carwile, and drawn out by him,
three-fourths of it upon a check in favor of
appellant bank, and one-fourth in favor of
another bank.

Appellees brought suit against the tenant
Carwile to recover the amount of rent due,
and also against the First State Bank of Mt.
Calm and W. J. Jarvis, for conversion of
the cotton. Judgment was rendered in favor
of appellees for $576.93 against Carwile for
rent, and the same amount against the bank
and Jarvis for conversion.

Opinion.

A number of issues are raised on this ap-
peal, but we do not think it necessary to de-
cide but one, and that is: Had the cotton
been off of the premises of appellees for
more than 30 days at the time it was sold?
The undisputed proof shows that more than
30 days had elapsed after the cotton had
been left in the cotton yard and before it
was sold. It is the contention of appellees
that the landlord's lien was not waived by
this fact, for the reason that Vernon's Ann.
Civ. St. Supp. 1918, art. 7827u, provides as
follows:

'The landlord's lien on cotton or other farm
products, shall continue so long as the same
are on storage in any warehouse, whether
the same be a warehouse operated under this
act, or a private warehouse, provided a nego-
tiable receipt has not been issued therefor."

We do not think the receipt issued by the
weigher is a negotiable receipt; but also we
do not think that the cotton yard was a ware-
house within the meaning of said statute. In
the absence of a statutory definition, a ware-
house must be construed to be a house of
some character. Words and Phrases, vol.
8, pp. 7389, 7390. Open public school grounds
are not a house. The landlord's lien did not
exist after the expiration of 30 days from the
time the cotton was deposited in the weigh-
er's cotton yard.

Carwile did not appeal; and hence the
judgment as to him will be affirmed.

For the reasons stated, the judgment will
be reversed as to the appellants First State
Bank of Mt. Calm and W. J. Jarvis, and here
rendered in their favor so that as to them
the appellees take nothing.

Affirmed in part, and in part reversed and
rendered.