Zimmerman, J.,
dissenting. Both the Tax Commissioner and the Board of Tax Appeals found that appellant’s iron ore deposited and kept in Ohio for varying periods was subject to taxation in this state by virtue of Section 5701.08, Revised *79 Code, as effective in 1954. Moreover, the Board of Tax Appeals refused to accord the uncovered outdoor areas on lakeside docks, where the ore was deposited, the status of a “storage warehouse” within the contemplation of such term as used in applicable Section 5701.08, Revised Code, and thereby exempt the ore from taxation under that part of the statute. Was the board’s position unreasonable or unlawful?
In its ordinary and generally accepted meaning, a “storage warehouse” is a substantial roofed structure or enclosure in which goods, merchandise and other kinds of materials are stored. Thus, in Fisher v. Board of Zoning Appeals of Town of Monroe, 143 Conn., 358, 363, 122 A. (2d), 729, 731, it is said that “the term ‘warehouse,’ as used in the law, ordinarily means a building for the reception and keeping of goods and, in a more restricted sense, a building where goods of others are stored for hire.”
In Carwile v. Bryson (Tex. Civ. App.), 251 S. W., 522, the court refused to treat an open space on public school grounds as a “warehouse,” saying in the course of the opinion that, “in the absence of a statutory definition, a warehouse must be construed to be a house of some character.”
Other definitions are of like import. In the New Century Dictionary, a “warehouse” is described as “a storehouse for wares or goods”; in the Oxford English Dictionary, “warehouse” is defined as “a building or part of a building used for the storage of merchandise”; and Webster’s Third New International Dictionary describes “warehouse” as “a structure or room for the storage of merchandise or commodities.”
Certainly, the open receptacles in which appellant’s iron ore was dumped do not meet the description of a “storage warehouse,” within the above definitions, and I am not prepared to hold that the Board of Tax Appeals reached an unreasonable or unlawful conclusion in refusing to recognize them as such.
Weygandt, C. J., and Bell, J., concur in the foregoing dissenting opinion.